Frank A. CARTER, Jr., Chief
Disciplinary Counsel

v.

Raymond J. SURDUT.

No. 85–176–M.P.

Supreme Court of Rhode Island.

March 4, 1988.

Frank A. Carter, Jr., Providence, for plaintiff.

Eugene Toro, Providence, for defendant.

## OPINION

PER CURIAM.

This matter is before the court on an order issued to the respondent attorney to appear and show cause why he should not be disciplined pursuant to the provisions of Supreme Court Rule 42–6(d). This rule provides, in pertinent part, that after a formal hearing on disciplinary proceedings against an attorney before the Disciplinary Board of the Supreme Court of Rhode Island:

"[i]f the Board shall determine that the matter should be concluded by a recommendation of public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

Our review of the record discloses that the respondent attorney had violated several cannons of professional ethics while acting as attorney for the administratrix of a decedent's estate. He failed to preserve the identity of its funds by placing them in an identifiable account. Rather, he commingled the funds with other funds and accounts in his office and from time to time used the funds for personal reasons other than the administration of the estate.

This respondent had previously been suspended from the practice of law by order of this court following our opinion reported as *Carter v. Surdut*, 492 A.2d 140 (R.I. 1985). As a result of that suspension he was replaced by a successor attorney of the estate in question. However, he failed to disclose to that successor the existence or the amount of funds in his possession as assets of the probate estate. No inventory had ever been filed in the Probate Court. The successor attorney discovered the existence of the assets quite by chance from the attorney who had been the guardian of the decedent prior to his death. Eventually, after demand, the assets of the probate estate were turned over to the attorney for the successor attorney, and a general release was executed acknowledging receipt of the funds. The respondent admitted his violation of the disciplinary rules as charged but in mitigation argued that the misconduct resulted from a psychological breakdown.

It is clear that a substantial sanction is indicated as recommended by the disciplinary board. However, when this attorney had previously been suspended from practice for two years, the present proceeding was also before the disciplinary board at that time. It was not pursued until the respondent had completed his period of suspension on November 28, 1986, and he applied for reinstatement of his right to practice law. During the period of prosecution of the present complaint the respondent attorney has not been allowed to practice law, which has, in effect, extended the peri-

od of suspension by one year and three months beyond the period previously imposed. In fairness we believe that the suspension we impose on this petition should take into consideration that additional period the respondent has been prevented from practicing law after he had completed his original suspension from practice.

We conclude, therefore, that on the matter now before us, the respondent must be suspended from the practice of law for a minimum period of two years and we so order. This period of suspension will commence as of November 29, 1986. The respondent attorney may, after November 29, 1988, file with the court a petition for leave to resume the practice of law, at which time he will be required to satisfy the court that he has fully complied with this order of suspension.